UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ARTHUR BIAS, JR.** | **CIVIL ACTION NO. 6:15-cv-1065** |
|     **LA. DOC #481888** | |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **WARDEN W.S. McCAIN** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Arthur Bias, Jr., an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 6, 2015. Petitioner attacks his 2010 felony convictions, his adjudication as an habitual offender, and the hard labor sentences imposed by the Sixteenth Judicial District Court, Iberia Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On January 5, 2010 petitioner was charged with simple robbery, attempted armed robbery and possession of a firearm by a convicted felon. [Doc. 1-3, Exhibit B, pp. 7-9] He waived trial by jury and on April 5, 2010 he was found guilty as charged following a bench trial. [Doc. 1-3, Exhibit A, pp. 1-3] On April 9, 2010 concurrent sentences totaling 22 years were imposed. On the same date he was charged with being an habitual offender. [Doc. 1-3, Exhibit A, pp. 4-5; Exhibit B, p. 10] On June 23, 2010 he was adjudicated an habitual offender; the sentence

imposed on the attempted armed robbery charge was vacated and he was sentenced to serve 30 years at hard labor without benefit of parole as a multiple offender. [Doc. 1-3, Exhibit A, p. 6; and, Exhibit B, p. 10]

Petitioner appealed to the Third Circuit Court of Appeals raising the following assignments of error: (1) the trial court erred in trying the case without a jury and without determining whether Defendant's waiver of his right to a jury trial was knowingly and intelligently made; (2) the evidence introduced at trial was insufficient to prove all of the elements of attempted armed robbery beyond a reasonable doubt; (3) the trial court erred in applying the wrong burden of proof in its evaluation of the evidence submitted in support of Defendant's affirmative defense of intoxication; and (4) the trial court erred in permitting the State to use the same predicate offenses in the habitual offender bill of information that were used to prove the underlying charge of possession of a firearm by a convicted felon. On May 4, 2011 his convictions, adjudication, and sentences were affirmed. *State of Louisiana v. Arthur Bias, Jr.*, 10-1440 (La. App. 3 Cir. 5/4/2011), 63 So.3d 399.

In a pleading dated May 18, 2011 petitioner, proceeding in proper person, applied for *certiorari* to the Louisiana Supreme Court. His *pro se* pleading raised the following assignments of error – (1) insufficiency of the evidence; (2) the trial and appellate courts erred in applying the wrong burden of proof in regards to the defense of intoxication; (3) the trial and appellate courts erred in trying the case without a jury and without determining whether defendant's waiver was knowingly and intelligently made; and (4) the trial and appellate courts erred in permitting the state to use the same predicate offense in the habitual offender bill which were used to prove the predicate felony supporting the charge of possession of a firearm by a convicted felon. [Doc. 10-

1, Appendix A, pp. 1-22] On November 14, 2011 his application for writs was denied. *State of Louisiana v. Arthur Bias, Jr.*, 2011-1063 (La. 11/14/2011), 75 So.3d 939. He did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)]

In an application for post-conviction relief dated November 18, 2012 and filed in the District Court on November 26, 2012 petitioner raised the following claims for relief – (1) insufficiency of the evidence to establish attempted armed robbery and possession of a firearm by a convicted felon; (2) ineffective assistance of counsel based on counsel's (a) failure to conduct pre-trial investigation; (b) failure to object to prisoner standing trial in a prison jumpsuit; (c) failure to object to the that the state's witnesses were not sequestered; (d) failure to object to the sufficiency of the evidence; (e) failure to make an opening statement or closing argument; (f) presentation of "disadvantageous information" and allowing petitioner to take the stand in his own defense; (3) the trial court failed to advise petitioner of his right to remain silent, erred by failing to read the indictment and petitioner's plea, and, the State failed to give an opening statement. [Doc. 10-2, Appendix B, pp. 23-45] On March 15, 2013 the District Court denied post-conviction relief and provided reasons for judgment. [Doc. 1-3, Exhibit C, pp. 11-18]

On April 16, 2013 petitioner filed an application for writs in the Third Circuit Court of Appeal raising the same claims raised in his original application for post-conviction relief, namely (1) insufficiency of the evidence to support the convictions for armed robbery and possession of a firearm by a convicted felon; (2) ineffective assistance of counsel; and (3) the trial court failed to advise petitioner of his right to remain silent, erred by failing to read the indictment and petitioner's plea, and, the State failed to give an opening statement. He also

argued three additional claims, namely (4) that he was denied counsel on collateral review; (5) the trial court failed to address the allegations of petitioner's traverse to the State's answer; and (6) petitioner was denied the right to a probable cause determination as provided by La. C.Cr.P. art. 230.2. [Doc. 10-1, Appendix C, pp. 46-87]

On July 30, 2013 the Third Circuit denied writs finding "... no error in the trial court's ruling..." The court also noted that petitioner's claims 4-6 were not raised in the trial court and therefore not properly before the Court on review. *State of Louisiana v. Arthur Bias, Jr.*, No. KH 13-00422. [Doc. 1-3, Exhibit D, pp. 19-20]

In a pleading dated August 23, 2013 petitioner applied for writs in the Louisiana Supreme Court. [Doc. 10-1, Appendix D, pp. 119-137][1] In his writ application he raised five assignments of error: (1) the Third Circuit erroneously applied Uniform Rule 1-3 to deny review of claims 4-6; (2) the trial court erred by rendering judgment denying petitioner's post-conviction claims without considering petitioner's timely filed objections; (3) the trial court erred by "erroneously and improperly changing venue in the middle of the proceedings;" (4) the trial court erred by failing to appoint counsel in the post-conviction proceedings; and (5) the trial court erroneously misinterpreted the law when it denied petitioner's post-conviction claims. With regard to the last claim, petitioner presented argument in support of his original post-conviction claims of insufficiency of the evidence, ineffective assistance of counsel, and the trial court's error with regard to its failure to advise petitioner of his right to remain silent, its failure to read the

---

[1] The writ filing sheet indicates that petitioner was seeking review of the writ denial by the Third Circuit under Docket Number KH 13-0644. It appears, however, that the designation of the Court of Appeals' Docket Number was a clerical or typographical error. It seems more likely than not that petitioner's pleading sought review of the Third Circuit's writ denial under Docket Number KH 13-00422.

indictment and petitioner's plea, and, the State's failure to give an opening statement.

On April 11, 2014 the Louisiana Supreme Court denied writs without comment. *State of Louisiana ex rel. Arthur Bias, Jr. v. State of Louisiana*, 2013-2095 (La. 4/11/2014), 137 So.3d 1211. [See Doc. 1-3, Exhibit E, pp. 21-22]

On April 27, 2014, petitioner signed another pleading addressed to the Louisiana Supreme Court. The writ application filing sheet accompanying that pleading indicated that the petitioner was seeking review of the Third Circuit's July 30, 2013 judgment in case number KH 13-00422. [Doc. 10-1, p. 88] In the body of the pleading petitioner alleged, "On August 30, 2013 the Applicant filed a Writ of Certiorari into the Louisiana Supreme Court. On April 11, 2014 the Supreme Court rendered a judgment denying the Applicant's Application for Writ of Certiorari. ... The Applicant received the Supreme Court's judgment on April 14, 2014 and now moves this Honorable Court for a Rehearing in the above entitled matter." [Doc. 10-1, p. 92] Thereafter, petitioner's pleading was virtually identical to the original application for writs filed earlier in the Louisiana Supreme Court. [Doc. 10-1, pp. 88-116]

In any event, on February 6, 2015 writs were again denied by the Louisiana Supreme Court. In its judgment denying writs the Supreme Court did not refer to the petitioner's pleading as an application for rehearing or reconsideration; instead, the judgment indicated the denial of writs seeking review of the Sixteenth Judicial District Court's judgment in No. 10-Cr-00001 and Third Circuit judgment in KH 13-00422. *State of Louisiana ex rel. Arthur Bias, Jr. v. State of Louisiana*, 2014-0910 (La. 2/16/2015), 158 So.3d 812. [Doc. 1-3, Exhibit F, pp. 23-24]

On April 6, 2015 petitioner filed the instant petition raising the following claims for relief: (1) sufficiency of the evidence, (2) ineffective assistance of counsel, and (3) the various

5

due process violations as previously alleged in his application for post-conviction relief.

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed to the Third Circuit Court of Appeal. On May 4, 2011 his conviction and sentence were affirmed. *State of Louisiana v. Arthur Bias, Jr.*, 10-1440 (La. App. 3 Cir.

---

[2] The pleadings and exhibits do not suggest that limitations should be calculated as provided in Section 2244(d)(1)(B), (C), or (D).

5/4/2011), 63 So.3d 399. Thereafter he filed an application for *certiorari* in the Louisiana Supreme Court. On November 14, 2011 the Court denied writs without comment. *State of Louisiana v. Arthur Bias, Jr.*, 2011-1063 (La. 11/14/2011), 75 So.3d 939. He did not seek further direct review in the United States Supreme Court [Doc. 1, ¶9(h)] and, therefore, his judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days later or, on or about February 13, 2012 when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying his petition for *certiorari* to file a petition for a writ of *certiorari* in the United States Supreme Court. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).

Thus, the AEDPA limitations period began to run on February 13, 2012 and petitioner had one year, or until February 13, 2013 to file his *habeas corpus* petition. Petitioner was able to toll limitations pursuant to 28 U.S.C. §2244(d)(2) by filing his application for post-conviction relief in the Sixteenth Judicial District Court on November 18, 2012 [Doc. 10-1, Appendix C, pp. 46-87]; however, by the time he filed his application a period of 278 days had expired. His application remained properly filed and pending in either the District Court, the Court of Appeals or the Louisiana Supreme Court until April 11, 2014 when the Louisiana Supreme Court denied his application for writs. *State of Louisiana ex rel. Arthur Bias, Jr. v. State of Louisiana*, 2013-

2095 (La. 4/11/2014), 137 So.3d 1211. Thereafter, a period of 360 days elapsed un-tolled before petitioner filed the instant petition on April 6, 2015. In other words, a period of over 600 days elapsed un-tolled between the date petitioner's judgment of conviction and sentence became final under the AEDPA and the date he filed his federal *habeas corpus* petition. His petition is thus time-barred and dismissal on that basis is appropriate.

Of course, petitioner implies that his post-conviction proceedings remained properly filed and thus capable of tolling limitations until February 6, 2015 when the Louisiana Supreme Court issued its second writ denial in *State of Louisiana ex rel. Arthur Bias, Jr. v. State of Louisiana*, 2014-0910 (La. 2/6/2015), 158 So.3d 812.

That, however, is not the case. Petitioner maintains that the April 27, 2014 pleading was an application for rehearing. Louisiana Supreme Court Rule IX, §1 provides, "An application for rehearing must be filed with the Clerk ... on or before the fourteenth calendar day after mailing of the notice of judgment, and no extension of time therefor will be granted." The Supreme Court issued its writ denial on April 11, 2014. *State of Louisiana ex rel. Arthur Bias, Jr. v. State of Louisiana*, 2013-2095 (La. 4/11/2014), 137 So.3d 1211. Absent proof to the contrary, it must be presumed that the Supreme Court mailed notice of judgment on that same date. Petitioner therefore had until the close of business on April 25, 2014 to file a timely application for rehearing. His pleading, signed and dated April 27, 2014, could not have been "properly mailed on or before the last day of the delay" and therefore his application for post-conviction relief ceased to be properly filed and could not serve to toll limitations.

### 2. *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare

and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Lafayette, Louisiana, this 1st day of October, 2015.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE